F I L E D
CLERK OF COURT

2024 DEC 16 PM 2: 01

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JASON RICHARD CAMACHO,
*aka* Jason Santos Camacho
DOB: 01/02/1982

Defendant.

) CRIMINAL CASE NO. **CF0579-16**
) GPD Report No. 16-22736
)
)
)
)
)
) **DECISION & ORDER**
) **RE. PEOPLE'S MOTION TO REVOKE**
) **DEFENDANT'S PROBATION**
)
)
)
)
)
)

This matter came before the Honorable Alberto E. Tolentino on October 3, 2024, for a Revocation Hearing. Defendant Jason Richard Camacho ("Defendant") was present with counsel Public Defender Renita Taimanao-Munoz. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). During the hearing, the court heard the parties' arguments on the People's Motion to Revoke the Defendant's Probation ("Motion"). Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Motion to Revoke the Defendant's Probation.

\\

\\

\\

## BACKGROUND

### A. The Defendant's Pre-trial Violations

On October 3, 2016, the Defendant was charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony).[1] Prior to the Defendant's revocation hearing, the Probation Services Division ("Probation") filed a total of six (6) violations while on pre-trial status against the Defendant. For the first violation, the report indicated that:

> Defendant failed to report to the probation office three times weekly for drug testing. The defendant is ordered to report to Probation every Monday, Wednesday, and Friday. He last reported to the probation office for intake and processing on November 8, 2016. To date, he has not reported. Numerous attempts were made to contact the defendant but unsuccessful.

1st Violation Report (Jan. 27, 2017). The court issued its first bench warrant for the Defendant's arrest on January 30, 2017, which was returned on February 21, 2017.[2] At the Return of Warrant hearing on February 27, 2017, the court decided to have the Defendant serve a little more time to the Department of Corrections ("DOC") due to him being gone for approximately three and a half months. Return of Warrant H'rg Mins. at 9:35:36AM (Feb. 27, 2017). However, the court released him on March 21, 2017.

For the second violation, the report indicated that:

> 1. Defendant failed to report 3x weekly in person to the Probation Office. The defendant failed to report on April 10, 12, 14, 17 and 19, 2017. The defendant last report on April 7, 2017.

2nd Violation Report (Apr. 20, 2017). Due to Probation filing a second violation against the Defendant, the court issued another bench warrant for his arrest on April 24, 2017. After the warrant was returned on May 16, 2017, the court addressed the violation but committed the

---

[1] Indictment (Oct. 3, 2016).

[2] The case was assigned to the Honorable Vernon P. Perez between September 26, 2016, and January 1, 2018.

Defendant to serve time at DOC until his release on May 30, 2017. Pre-Trial Conference Mins. at 10:41:10AM (May 23, 2017). For the third violation, the report indicated that:

1. Defendant failed to report to the Probation Office upon his release from the Department of Corrections. The defendant was released from the Department of Corrections on May 30, 2017. On Monday June 12, 2017, I confirmed with Officer Sugiyama from DOC who verified that the defendant was released on May 30, 2017 and is not being held on another case.

3rd Violation Report (June 12, 2017). On June 13, 2017, the court issued a bench warrant for the Defendant's arrest. Bench Warrant (June 14, 2017). The warrant was returned on October 31, 2017, which the court addressed on November 15, 2017. Upon his release from DOC on December 4, 2017, Probation filed a fourth violation report indicating that:

1. Defendant failed to report 3x a week in person to the Probation Office. The defendant was released from confinement on December 4, 2017. However, since his release he was yet to report to the Probation Office

4th Violation Report (Dec. 15, 2017). The court then issued another bench warrant on December 18, 2017, which was not returned until April 4, 2018.[3] During the Return of Warrant hearing, the court vacated the warrant but revoked the Defendant's pre-trial release. Return of Warrant Hr'g Mins. at 1:31:42–32:47PM (Apr. 5, 2018). That same day, the Honorable Benjamin C. Sison held a Magistrate Hearing for the Defendant's new criminal charge in Criminal Case No. CF0212-18; Probation reported a fifth violation based on this new case. For the fifth violation, the report indicated that:

1. Defendant failed to obey all laws. On April 5, 2018, a Magistrate Hearing was held before the Honorable Benjamin C. Sison wat which time the defendant was charged in CF 212-18 with the following:

    1. Theft by Receiving Stolen Property (As a 2nd Degree Felony)

5th Violation Report (Apr. 16, 2018).

---

[3] While awaiting the warrant's return, the case was then assigned to the Honorable Anita A. Sukola on January 1, 2018.

On June 25, 2018, the court released him on certain conditions, including checking in with Probation, staying away from his co-defendant, and abiding with his curfew restriction. Crim. Trial Setting Mins. at 9:21:58–24:11AM (June 25, 2018). Because the Defendant failed to follow check in with probation, the court issued another bench warrant for the Defendant's arrest. Crim. Trial Setting Mins. at 9:49:08AM (Aug. 7, 2018). This bench warrant was returned on January 10, 2019. Probation then filed a sixth violation against the Defendant. The report indicated that:

1. Defendant failed to obey all laws. On January 9, 2019, a Magistrate's Hearing was held before the Honorable Jonathan R. Quan at which time the defendant was charged in CF 13-19 with the following:

   1. Theft by Receiving (As a 2nd Degree Felony)

   *NOTICE: Commission of a Felony While on Felony Release*

6th Violation Report (Jan. 14, 2019). On March 18, 2019, the Defendant entered his guilty plea as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony) after he established his understanding and agreement to the conditions of his probation. Change of Plea H'rg Mins. 11:28:02–50:06AM (Mar. 18, 2019). Pursuant to the Plea Agreement, the court sentenced him to serve five (5) years of incarceration, which was all suspended with credit for time served. Plea Agreement (Mar. 18, 2019).

## B. The Defendant's Post-Judgment Violations

Upon the court's acceptance of Defendant Camacho's guilty plea, the court filed the Judgment of Conviction and released him from DOC. Unfortunately, Probation filed a total of six (6) post-judgment violations against the Defendant with the first violation being issued less than a month after the court accepted his guilty plea.

\\

\\

For the first violation, the report indicated that the Defendant:

1. Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: March 22, 25, 27, 29; April 1, 3, 5, 8, 2019.

1st Violation Report (Apr. 9, 2019). One month later, Probation filed another violation. For the second violation, the report indicated that the Defendant:

Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed and failed report on the following dates: entire month of April 2019; May 1, 3, 6, 8, 10, 13, 15, 17, 20, 22, 24, 28, 2019.

2nd Violation Report (May 29, 2019). As a result of the Defendant's second violation, the court issued another bench warrant against the Defendant. Before the warrant was returned, Probation filed a third violation reporting that the Defendant violated following conditions:

1. Failure to report to Guam Behavioral Health & Wellness Center for intake and assessment.
2. Failure to attend 24 recovery support meetings.
3. Failure to make monthly payments to fine and court cost of $5080.00.
4. Failure to perform 150 hours of community service.

[3rd] Violation Report (June 10, 2021).[4] Two years later, the warrant was returned on August 24, 2021, which led Probation to file a fourth violation for the Defendant's:

1. Failure to refrain from consuming illegal controlled substances, specifically methamphetamines. On August 24, 2021, the probationer was arrested on a warrant of arrest by the Marshal/Probation task force. He subsequently admitted to using "meth" and provided a written declaration.

This is considered his first positive since being placed on probation.

[4th] Violation Report (Aug. 24, 2021). During a Violation Hearing before the Honorable Jonathan R. Quan, the court released addressed the violations and ordered the Defendant to serve

---

[4] The court revised the Defendant's mislabeled third through sixth violation reports.

time at DOC until his release on October 14, 2021.[5] Violation H'rg Mins. at 3:10:16PM (Sept. 3, 2021). For the fifth violation, the report indicated that the Defendant's:

1. Failure to report to the Probation Office in person once a week. He last reported on April 20, 2022.

[5th] Violation Report (June 8, 2022). The court subsequently issued another warrant for the Defendant's arrest on June 13, 2022, which was returned on July 29, 2024. Upon the warrant's return, Probation filed a sixth violation reporting the Defendant's:

1. Failure to obey all the laws of Guam. On July 27, 2024, a magistrate complaint was filed against the Defendant, in the Superior Court of Guam, for the charge of Fraudulent Use of a License Plate (3rd Degree Felony) that occurred on or about July 27, 2024, in CF0526-24.

2. Failure to obey all the laws of Guam. On July 27, 2024, a magistrate complaint was filed against the Defendant, in the Superior Court of Guam, for the charge of Possession of a Schedule II Controlled Substance (3rd Degree Felony) that occurred on or about August 24, 2021, in CF0527-24.

3. Failure to obey all the laws of Guam. On July 27, 2024, a magistrate complaint was filed against the Defendant, in the Superior Court of Guam, for the charge of Possession of a Schedule II Controlled Substance (3rd Degree Felony) that occurred on or about July 27, 2024, in CF0528-24.

[6th] Violation Report (July 31, 2024). The court subsequently appointed the Public Defender Service Corporation ("PDSC") after granting Attorney John C. Terlaje's withdrawal. Withdrawal & Order (Aug. 1, 2024).

On September 18, 2024, the People filed its Motion to Revoke the Defendant's Probation and Impose Jail Sentence ("Motion"). In response, the Defendant subsequently filed his Opposition to the Motion on September 27, 2024. The court then set the matter for a Revocation Hearing on October 3, 2024.

\\

---

[5] Although this Violation Hearing was before the Honorable Jonathan R. Quan, the Honorable Alberto E. Tolentino was assigned to this case on September 28, 2021.

## C. The Defendant's Revocation Hearing

At the Defendant's Revocation Hearing, the People argued that the Defendant has failed to take his probationary conditions seriously, including obeying all the laws of Guam, failure to report, and continued drug use. Revocation H'rg Mins. at 2:33:39–34:01PM (Oct. 3, 2024). And because of this, the Defendant may not be deemed a good candidate for continued supervision under probation. *Id.* at 2:34:00–34:09PM. On the other hand, the Defendant argued that "just because a violation occurs does not necessarily mean that the court will issue a revocation" unless all circumstances, now existing, show that revocation of probation would satisfy the ends of justice and that it is in the best interests of public. *Id.* at 2:34:44–35:06PM. After hearing the parties' arguments, the court took the matter under advisement.

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that may it have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27

(quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**A. The Defendant violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7).

In this case, the Defendant had accumulated six (6) pretrial violations and six (6) post-judgment violations. The court can make a factual determination that all these violations actually occurred, as evidenced by the Defendant's written declaration to one of the violations, a positive test result for methamphetamines, and admission on the record to his violations. The court also points to the seven (7) warrants of arrest that had to be issue as evidence of the Defendant's failure to report to probation over the years. Probation's violation reports and testimony at the Revocation Hearing, as well as the Defendant's acknowledgment of the violations show that Defendant Camacho's conduct has not been as required by the conditions of his probation. Therefore, the court finds that the Defendant violated multiple conditions of his probation.

**B. The Defendant's violations warrant revocation of probation.**

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or

public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)). In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.*

In this case, the Defendant's outstanding conditions of probation include: a fine and court costs; one hundred fifty (150) hours of community service; treatment with Guam Behavioral Health and Wellness Center (GBHWC); and twenty-four sober support meetings. Revocation H'rg Mins. at 2:28:50–29:20PM (Oct. 3, 2024). Should the court allow him, the Defendant now has until 2027 to complete his probationary terms based on the tolling period. *Id.* at 2:35:40–35:47PM. During his Revocation Hearing, the Defendant acknowledged that he has an addiction but reasoned that this addiction led to his struggle to complete probationary conditions. *Id.* at 2:36:00–36:20PM.

The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support.

The People argue that the Defendant has not availed to the supportive services, like GBHWC, which were designed to protect society and the Defendant from his future criminality. Ppl.'s Mot. Revoke at 5 (Sept. 18, 2024). The court had given the Defendant multiple opportunities before considering revocation, including releasing him from confinement to complete treatment. Although the Defendant only has one positive drug test on record, he absconded from the court for eight hundred sixty (860) days and picked up three new criminal matters (CF0526-24, CF0527-24, and CF0528-24); two of which the Defendant is charged for Possession of a Schedule II Controlled Substance. Revocation H'rg Mins. at 2:40:22–40:34PM (Oct. 3, 2024). While the court is aware of the difficulties in overcoming addiction, the Defendant cannot expect to do so if he will not put in the effort to attend and complete treatment programs expressly provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). While the court commends Defendant Camacho for expressing interest in completing treatment with Lighthouse Recovery Center ("LRC"), he did not follow through with treatment despite completing his intake and assessment in the past. Revocation H'rg Mins. at 2:42:47–44:52PM (Oct. 3, 2024). In Guam, the Department of Corrections provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to

allow the Department of Corrections to supervise and assist the defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Motion to revoke the Defendant's probation.

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **FIVE (5) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's five-year sentence.

A Progress Hearing is scheduled before this court on March 5, 2025, at 2:00PM.

**SO ORDERED** this ___DEC 16 2024___.

**SERVICE VIA E-MAIL**

I acknowledge that an electronic Copy of the original was e mailed to

_AG, PDSC_

_DEC 1 6 2024_

Date:_____ Time._2:05pm_

_Albert Colula_

Deputy clerk , Superior Court of Guam

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam